# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60349
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2026

Lyle W. Cayce
Clerk

George Massey,

*Petitioner—Appellant*,

*versus*

Sean Tindell, *Mississippi Commissioner of Public Safety*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:22-CV-727

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

George Massey, a former Mississippi inmate, filed a 28 U.S.C. § 2254 application attacking his 2007 conviction for lustful touching of a child. The district court dismissed for lack of subject matter jurisdiction because Massey was not "in custody" for Section 2254 purposes when he filed the application. Nonetheless, the district court ordered that a certificate of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appealability (COA) issue on a single ground: "whether a lifetime requirement of compliance with Mississippi's sex offender registry constitutes 'state custody' under 28 U.S.C. § 2254."

On appeal, Massey argues the district court erred in dismissing his application because his obligation to register as a sex offender in Mississippi renders him "in custody" for Section 2254 purposes. The Mississippi Commissioner of Public Safety counters that the district court issued an invalid procedural-only COA that this court should vacate, and that this court should dismiss the appeal because Massey otherwise failed to make a substantial showing of the denial of a constitutional right. Alternatively, the Respondent contends the district court correctly dismissed the Section 2254 application for lack of jurisdiction.

The COA identifies a purportedly debatable procedural ruling. Nevertheless, because the COA does not indicate on which issue Massey has made a substantial showing of the denial of a constitutional right, the COA does not state that Massey made both showings required by 28 U.S.C. § 2253. *See* 28 U.S.C. § 2253(c)(2)–(3); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Thus, the COA is invalid because it does not meet the statutory requirements for issuance. *See Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022). While we can issue a valid COA in place of an invalid one, there is no basis to do so here. The only claim presented in Massey's Section 2254 application was a freestanding claim of actual innocence, which is not cognizable through federal habeas review. *See Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006).

The COA is VACATED. The appeal is DISMISSED.